**IN THE COURT OF APPEALS OF IOWA**

No. 17-0388
Filed May 3, 2017

**IN THE INTEREST OF Z.B., C.C., and P.S.,**
**Minor Children,**

**C.T., Mother,**
        Appellant,

**J.C., Father of C.C.,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.


A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**


Jeremy B.A. Feitelson of Nelsen & Feitelson Law Group, P.L.C., West Des Moines, for appellant mother.

Tod J. Beavers of Beavers Law Office, P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Nicole Garbis-Nolan of Youth Law Center, Des Moines, guardian ad litem for minor children Z.B. and P.S.

ConGarry D. Williams of State Public Defender's Office, guardian ad litem for minor child C.C.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights.

###    I.    Background Facts and Proceedings

C.C., born April 2001; Z.B., born August 2004; and P.S., born August 2012, came to the attention of the Iowa Department of Human Services (DHS) in February 2015, upon numerous allegations the mother was not properly supervising the children and the children were not receiving adequate care.[1] Specifically, the DHS was concerned the children were being left home alone and were not receiving medical care when needed. In February, the mother was arrested for shoplifting; P.S. was with her when she was arrested, and the other children were home alone. In May, while the mother was at work and the children were home alone, P.S. bit into a detergent pod and became ill; the mother did not seek medical attention for P.S. when she was informed of the incident. On June 9, 2015, a child protective assessment was completed and determined the concerns about denial of critical care and failure to provide proper supervision were founded.

Throughout June and July 2015, the DHS attempted to engage the mother in services, but the mother repeatedly missed meetings and appointments and failed to return phone calls. On July 17, the State filed a petition to adjudicate the children as children in need of assistance (CINA). The DHS offered services to the mother, including therapy, parenting classes, and daycare assistance, but the

---

[1] The mother is the mother of all three children. The father is only the father of C.C. The parental rights of the unknown father of Z.B. were terminated and not appealed. The parental rights of the father of P.S. were also terminated, but he did not appeal.

mother failed to attend classes or therapy and continued to leave the children home alone under the care of the oldest child. Due to ongoing concerns about the mother's supervision and care of the children, the children were adjudicated children in need of assistance, removed from the mother's care, and placed in foster care in September. At some point, the mother moved to Chicago without providing notification to the juvenile court or the DHS and did not appear at the CINA adjudication hearing.[2] The mother remained in Chicago through early 2016, even though the children had been placed with a family friend in Iowa in October 2015, and did not have regular visits with the children.

At the beginning of the CINA case, the mother was in a relationship with P.S.'s father, who was in jail on drug charges. The mother returned to Iowa in early 2016 and began having supervised visits with her children. She denied that she remained in a relationship with P.S.'s father. However, she later confirmed that she remained in a relationship with P.S.'s father, who had been released from prison, despite concerns from the DHS about his criminal and substance-abuse history and that he was not cooperating with any services offered by the DHS. On June 21, 2016, a house where P.S.'s father, a convicted felon, was residing was raided by law enforcement and large quantities of crack cocaine and marijuana, a large sum of money, a digital scale, packaging materials, and a firearm were recovered. The mother initially denied living in the home with P.S.'s father, but she later admitted to residing in the home. She also denied being in the home at the time of the raid, though she later admitted to being there and

---

[2] The mother placed two other children, B.P., born 2008; and D.P., born 2007, with their father in Chicago.

knowing that P.S.'s father sold drugs out of the home. She did not find his source of income to be troubling. The mother also continued to resist services offered by the DHS.

At the permanency hearing on September 13, the mother claimed she had ended her relationship with P.S.'s father, even though phone logs revealed she had spoken to him several times while he was in jail, video revealed she had taken the children to visit him over Labor Day weekend, and she was pregnant with his child.[3]

Throughout the entirety of the CINA proceedings, C.C.'s father was not active in any way in C.C.'s life and only spoke with the child one time on the phone.

On September 29, after more than one year of offered services, the State filed a petition to terminate the mother's parental rights to Z.B., C.C., and P.S., and C.C.'s father's parental rights. On February 28, 2017, the juvenile court terminated the mother's parental rights to all three children under Iowa Code section 232.116(1)(f) (2016) and C.C.'s father's parental rights under Iowa Code section 232.116(1)(b), (e), and (f). Both the mother and father appeal.

## II.    Standard of Review

"We review proceedings terminating parental rights de novo." *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). While we give weight to the factual findings of the juvenile court, we are not bound by them. *Id.*

## III.    The Mother's Appeal

---

[3] The mother gave birth to this child fathered by P.S.'s father in November 2016. That child is part of an open CINA assessment.

On appeal, the mother claims the State failed to prove the statutory grounds for termination, termination was not in the children's best interest, and termination was not proper due to the closeness of the parental bond between her and her children. She also requests additional time to work towards reunification.

## A. Statutory Grounds for Termination

Iowa Code section 232.116(1)(f) permits termination if:

The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother argues the State failed to prove by clear and convincing evidence the children could not be returned to her custody.

Based on the record, we agree with the State that significant barriers exist that prevent the children from being returned to the mother. From the beginning of this case, the DHS's main concern has been the mother's ability to properly supervise her children such that their safety and well-being could be secured. Despite a variety of services offered by the DHS, the mother had made little progress in demonstrating that she can properly supervise her children. For most of the pendency of these proceedings, the mother has been resistant to services. When she still had care of the children, she failed to take advantage of

the DHS-offered daycare assistance and instead chose to continue to leave the children unsupervised. She has never engaged in parenting classes.

At some point, she left for Chicago without prior warning and did not return for several months. She has maintained a romantic relationship with a partner she knew was involved in drug trafficking and was consistently and repeatedly dishonest with the DHS and care providers about the relationship. At one point, this relationship led her to reside in a home that was raided by law enforcement and contained a weapon and materials related to drug trafficking. The mother has shown her willingness to maintain this relationship and involve her children in it by taking them to visit her partner while he was in jail, while being deceptive to those offering her a host of services to sever this harmful relationship. These actions and inactions demonstrate that the mother has not made progress towards reaching the point where she can properly supervise her children and provide a safe environment for them.[4]

At the termination hearing, the DHS worker assigned to the case recommended the mother's parental rights be terminated. The juvenile court concluded:

> There are ongoing concerns about the safety of the children if returned to the care and custody of any of their respective parents. The parents have not shown improvement in their parenting skills or parental decision-making, or even that they are prioritizing their children over a destructive lifestyle. These children are safe and secure in their placements, and they deserve a permanent home.

---

[4] At the termination hearing, the mother claimed she had ended her relationship with P.S.'s father in September 2016. She also begin attending therapy in the weeks leading up to termination and, according to her therapist, made some progress. Due to the mother's long history of dishonesty with the DHS and care providers, we are unable to place much weight on these claims.

> The children need a long-term commitment by adults who can be appropriately nurturing and supportive of the children's growth and development and who can appropriately meet their physical, mental, and emotional needs.

We agree and affirm the court's conclusion that the State proved the statutory grounds under Iowa Code section 232.116(1)(f) for terminating the parental rights of the mother to all three children at issue in this appeal.

### B.     Best Interest and Permissive Exceptions

In accordance with Iowa Code section 232.116(2), the juvenile court considered "the child's best interest, as such includes safety, risk for adjudicatory harm, the best placement to meet the child's physical, mental, and emotional needs, as well as capacity to provide long-term nurturing."   The court also considered whether any of the exceptions outlined in Iowa Code section 232.116(3), such as the closeness of the mother's bond to the children, militated against termination.

At the termination hearing, the DHS worker testified about the ongoing effects of the continued CINA proceedings on the children:

> They just kind of want answers and to know what their future's going to be.  I believe that they have some ongoing confusion by what custodians and caregivers are sharing with them and by what Mom is sharing with them.

Ultimately, the court concluded termination was in the children's best interest:

> The mother is unable to demonstrate that allowing her to maintain a legal parental connection to the children in interest is beneficial to long-term stability for the children.  It is quite the opposite.  Based on her history, it is likely that she would continue to expose the children to inappropriate relationship choices, criminality, and a level of indifference as she fails to make them a significant priority.

We agree termination is in the children's best interest. We also agree the bond between the mother and her children does not outweigh the need for permanency and stability for the children, and therefore, nothing militated against termination. *See* Iowa Code § 232.116(3).

### C. Additional Time

Iowa Code section 232.104(2)(b) allows for a six-month extension if "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Yet, with little progress made, inconsistent efforts toward further progress, and the children suffering adverse effects from the continuation of the CINA action, we agree with the DHS caseworker's assessment and the juvenile court's conclusion that additional time may be harmful to the children and would not impact the mother's ability to properly supervise and provide adequate care for her children.

### IV. The Father's Appeal—C.C.

On appeal, the father claims the State failed to prove the statutory grounds for termination, termination was not in his child's best interest, and termination was not proper due to the closeness of the parental bond between him and his child.

In challenging the statutory grounds for termination, the father's entire and very brief argument consists of the claim that he did not consent to the termination. When appealing the termination of parental rights, Iowa Rule of Appellate Procedure 6.1401—Form 5 requires a party to "state what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or

exhibits that support your position on appeal." Rule 6.201(1)(d) states: "The petition on appeal shall substantially comply with form 5 in rule 6.1401." Given the father's lack of argument disputing the grounds for termination, we conclude he has not complied with the rules, and therefore, his claims are waived. *See* Iowa Rs. App. P. 6.201(1)(d), 6.1401—Form 5.

Additionally, regarding his claims termination was not in the child's best interest and termination was militated by the closeness of his bond with C.C., we agree with the juvenile court that termination was in the child's best interest and that nothing militated against termination. *See* Iowa Code § 232.116(2), (3).

## V. Conclusion

We agree the State proved by clear and convincing evidence both the mother's rights to all the children and the father's rights to C.C. should be terminated. We also agree that termination was in the children's best interest. We therefore affirm the juvenile court's decision.

**AFFIRMED ON BOTH APPEALS.**